## WALL v. WORLD PUB. CO.
### No. 35931.

Supreme Court of Oklahoma.

Nov. 24, 1953.

Rehearing Denied Dec. 15, 1953.

Baker Wall, Sallisaw, for plaintiff in error.

Byron V. Boone, Tulsa, for defendant in error.

ARNOLD, Justice.

Plaintiff Baker Wall brought this suit for damages for breach of contract against the defendant World Publishing Company in the District Court of Tulsa County. The trial court sustained a demurrer to plaintiff's petition and he elected to stand on his petition and brings his appeal from the order sustaining demurrer.

In his petition plaintiff alleges that he is an American citizen and resides in Sallisaw, Sequoyah County; that defendant is a corporation organized and existing under the laws of Oklahoma and publishing a daily newspaper, The Tulsa World, at Tulsa; that plaintiff is a reader and a subscriber of said newspaper; that defendant in the columns of said newspaper made an offer to the public to publish their letters expressing their views on public questions as follows:

"Please keep your letters as short as possible—due to space limitations, it is impossible to publish lengthy communications. Letters sent to The Tulsa World 'Voice of a Free People' column cannot be returned. All letters must be signed and the address of the writer given; initials will be used in publication, however, if the writer so requests."

That on September 30, 1952, plaintiff sent by mail a letter properly addressed to Voice of a Free People, Tulsa World, Tulsa, Oklahoma; that said letter conformed to the conditions stated in the invitation to send in letters above quoted; that plaintiff expected that said letter would be published in said newspaper within a reasonable time; that defendant arbitrarily failed, neglected and refused to publish said letter in accordance with its promise and offer; that said defendant is a Republican newspaper; that said newspaper unfairly discriminates against all Democrats and the Democratic party in general; that defendant accepts the subsidy of the United States government in transmitting its newspapers to its subscribers as second class mail at a cost to the government of the United States in excess of the amount paid by defendant by transmission of said newspapers through the United States mail; that plaintiff is taxed by his country for benefit of the defendant on the theory that defendant would justly and fairly transmit information of every kind fairly and impartially to all of its readers; that the proffer of defendant to publish plaintiff's letter and plaintiff's acceptance thereof constitute a contract between plaintiff and defendant and defendant's failure or refusal to publish plaintiff's letter was actuated by malice of defendant toward plaintiff because of their difference in political views; that plaintiff relied upon defendant's offer to publish said letter; that defendant's conduct has humiliated and embarrassed plaintiff and held him up to the ridicule of his friends and neighbors to his damage in the sum of $5,000; that by way of punishment for his malice, oppression and fraud toward plaintiff defendant should be mulcted in dam-

ages in the further sum of $5,000; and prayed for judgment against defendant for the sum of $10,000 and costs.

Plaintiff contends that there was a contract between him and the Tulsa World created by its offer and his acceptance supported by valuable consideration; that his petition clearly sets forth the offer, the acceptance, the consideration and the breach of the contract thus created; that his petition therefore stated a cause of action against defendant and demurrer to said petition should not have been sustained. In this connection he contends that the above-quoted excerpt from the newspaper is clearly an invitation to the readers of said paper to write letters expressing their minds upon public questions; that such an offer stimulates reader's interest and constitutes consideration to the paper; that plaintiff's consideration was to see his letter in print, to have his say and to exercise some influence in the political campaign then in progress; that when he wrote a letter to the Tulsa World which conformed to the conditions set by it as to length and content that constituted an acceptance of the offer.

The Tulsa World undoubtedly invited its readers to write letters to it. That is the plain implication of the quoted paragraph from its columns. And by sending his letter to the Tulsa World plaintiff accepted this invitation. Whether the stimulation of reader interest and the work and thought expended by plaintiff in composing his letter in response to the invitation of the Tulsa World would constitute ample consideration for a contract need not be determined because of the view we take of the invitation. We cannot agree with plaintiff that there was a promise on the part of the newspaper to publish all letters received by it in response to its invitation. Plaintiff himself demonstrates in his brief that the Tulsa World could not have intended to promise publication of every letter sent to it. He states that the Tulsa World has 100,000 subscribers; that each newspaper is estimated to be read by three people; that on this basis the Tulsa World had 300,000 readers. Plaintiff asserts the

invitation on the part of the Tulsa World was to all its readers. If each of the 300,-000 readers accepted the invitation the Tulsa World would have been obligated to have published 300,000 letters. In the absence of an expressed promise to publish every letter received we cannot read into the Tulsa World's invitation to its readers an implied promise to publish all such letters. As there was no promise to plaintiff to publish his letter, there was no offer to publish, no contract and therefore no breach.

Demurrer to plaintiff's petition was properly sustained.

Affirmed.

HALLEY, C. J., and WELCH, CORN, DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.